```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRINIDAD VARGAS,                                            :
                                                            :
                            Plaintiff,                      :
                                                            :                18-cv-10357 (VSB)
              -v-                                           :
                                                            :
PIER 59 STUDIOS L.P., et al.,                               :                   ORDER
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

The parties have advised me that they have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 42.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated below, I find that the settlement of the parties is not fair and reasonable and therefore do not approve the settlement.

### I.  Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.     Discussion**

The parties have submitted a letter with exhibits detailing why they believe the settlement reached in this action, and the contemplated attorney's fees and costs, are fair and reasonable. (Doc. 42). I have reviewed the settlement agreement and the supporting materials, and conclude for the reasons that follow that the terms of the settlement agreement are not fair, reasonable, and adequate.

I first consider the settlement amount. The agreement provides for a settlement amount of $25,000, with $9,000 of that amount to be distributed in attorney's fees and costs, including $496 in costs, for a total payment to Plaintiff of $16,000. (Doc. 53, at 3.) Counsel represents

that Plaintiff's maximum recovery in this case would be $19,080 in back wages.  (*Id.*)  Plaintiff's calculation of potential recovery does not appear to include the possibility of liquidated damages, which FLSA authorizes at a rate of 100 percent of unpaid wages.  *See Reyes v. Cafe Cousina Rest. Inc.*, No. 18CV1873 (PAE) (DF), 2019 WL 5722475, at *5 (S.D.N.Y. Aug. 27, 2019), *report and recommendation adopted,* No. 18CIV1873PAEDF, 2019 WL 5722109 (S.D.N.Y. Oct. 7, 2019).  In light of that fact, Plaintiff's estimated maximum recovery, based on the assumption set forth by Plaintiff, would actually be $38,160.  Furthermore, in her complaint, Plaintiff asserted various claims of discrimination under the federal and New York Equal Pay Acts, and claims of discrimination, hostile work environment, and retaliation under the New York States Human Rights Law, and the New York City Human Rights Law.  (Doc.  1.)  Indeed, Plaintiff's damages calculation states that her projected maximum recovery on those claims is $500,000.  (Doc. 42-2, at 3.)  The preamble to the settlement agreement acknowledges that Plaintiff asserted both wage-and-hour and discrimination claims in her complaint, and it contains a provision by which Plaintiff agrees to release Defendants from liability on all claims "relating specifically to the claims in the Action that have occurred as of" the effective date of the agreement.  (Doc. 42-1, at 3; Doc. 42-2, at 3.)

However, the parties have not indicated "how much of the settlement is actually compensation for [Plaintiff's] *FLSA* claims, as distinct from her discrimination claims." *Banegas v. Mirador Corp.*, No. 14-CV-8491 (AJN), 2016 WL 1451550, at *3 (S.D.N.Y. Apr. 12, 2016).  Without that information, I cannot determine whether the payment for Plaintiff's FLSA claims is fair and reasonable in relation to her estimated maximum recovery.  *See id.*; *cf. Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015).  I also find that for similar reasons, I cannot assess whether the release in the settlement

agreement is overbroad.  "[I]f this broad release of liability 'stems from a non-FLSA claim that happens to be settled in the same agreement,' i.e., [Plaintiff's] discrimination claims, then [I] need not scrutinize the liability release for fairness." *Banegas*, 2016 WL 1451550, at *3 (internal quotation marks omitted).  Like the Court in *Banegas*, however, I do not "presently have enough information to determine why the settlement includes such a broad liability release."

Accordingly, because I cannot conclude that the settlement is fair and reasonable, I do not reach the question of attorney's fees.  I note, however, that the proposed attorney's fees sought by counsel amount to 36 percent of the total settlement amount, which, although not per se prohibited, is on the higher end of attorneys' fees as percentage of the fund that courts in this district regularly approve.  *Cf. See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).

**III.     Conclusion**

For the reasons stated above, I find that the proposed settlement agreement is not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within thirty (30) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within thirty (30) days of the date of this Order that either (1) requests an extension of time or (2) indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:     September 10, 2020
           New York, New York

_____
Vernon S. Broderick
United States District Judge