USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
TRINIDAD VARGAS,                                           :
                                                           :
                              Plaintiff,                   :
                                                           :    18-cv-10357 (VSB)
                       -v-                                 :
                                                           :
PIER 59 STUDIOS L.P., et al.,                              :        **ORDER**
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

  On October 24, 2020, after the parties had submitted a settlement of this Fair Labor Standards Act ("FLSA") case for review, I rejected it as "not fair and reasonable," because the parties did not indicate "how much of the settlement is actually compensation for Plaintiff's *FLSA* claims, as distinct from her discrimination claims." (Doc. 46 at 3–4 (citation and alteration marks omitted).) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15cv3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).

  Subsequently, the parties advised me that they have reached a revised settlement in this Fair Labor Standards Act ("FLSA") as to Plaintiff's wage and hour claims. (Doc. 51.) For the reasons stated below, I find that the revised settlement of the parties is fair and reasonable and therefore approve the settlement.

I.  **<u>Legal Standard</u>**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

II.  **<u>Discussion</u>**

The parties have submitted a letter, along with a revised settlement agreement as an exhibit, (Doc. 51-1 ("Revised Settlement")), detailing why they believe the settlement reached in

this action, and the contemplated attorney's fees and costs, are fair and reasonable, (Doc. 51). I have reviewed the settlement agreement and the supporting materials, and I conclude for the reasons that follow that the terms of the settlement agreement are not fair, reasonable, and adequate.

      I first consider the settlement amount. The Revised Settlement provides for a settlement amount of $20,000, with $6,504 of that amount to be distributed in attorney's fees, and $496 in costs, for a total payment to Plaintiff of $13,000. (Revised Settlement ¶ 2; Doc. 51, at 1.) These amounts are solely allocated for the settlement of "Plaintiff's wage and hour claims," and thus what a court must approve under FLSA. Plaintiff's counsel represents that "[t]he parties have decided to resolve the discrimination claims" Plaintiff filed "separately and confidentially, for which Court approval is not required." (Doc. 51, at 1.) I assume, based on representation of counsel, that the settlement of the FLSA claims is separate and that the settlement of the discrimination claims has no impact on the settlement of the FLSA claims. Because "the proposed settlement expressly states that the settlement amount is solely to settle her FLSA claims[,] . . . it is unnecessary to parse out how much of the settlement amount is to discharge Plaintiff's non-FLSA claims." *Amhaz v. Booking.com (USA) Inc.*, 17-CV-2120 (GBD) (OTW), 2019 WL 9122944, at *2 (S.D.N.Y. Oct. 29, 2019) (citing *Banegas v. Mirador Corp.*, 14-cv-8491 (AJN), 2016 WL 1451550, at *3 (S.D.N.Y. Apr. 12, 2016)), *report and recommendation adopted*, 17 Civ. 2120 (GBD) (OTW), 2020 WL 3498264 (S.D.N.Y. June 29, 2020).

      Plaintiff's counsel represents that the $20,000 total represents "52.41%" of the total possible recovery on the FLSA claims "taking into account liquidated damages," and that Plaintiff's allocation of $13,000 represents "34.07%" of the total possible recovery. (Doc. 51, at 1.) This amount is reasonable, as courts in this District have approved FLSA settlements

"represent[ing] approximately 25% of [a] [p]laintiff's total conceivable recovery." *See Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018).

I next turn to the non-monetary aspects of the Revised Settlement. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The release of claims provision is not overbroad as it only applies to "claims . . . relating specifically to the wage and hour claims in the Action that have occurred as of the Effective Date of this Agreement." (Revised Settlement ¶ 3.)[1] The non-disparagement clause in the Revised Settlement is also proper, as it only states that the parties "mutually agree that they will not disparage each other and will say or do nothing to bring discredit [sic] on each other," and it contains a carveout stating that it "shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action." (*Id.* ¶ 6.) *Cf. Baikin v. Leadership Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (refusing to approve settlement that contained non-disparagement provision without a truthful statements carve-out).

I next consider the attorney's fees contemplated in the settlement agreement. The attorney's fees and costs sought are $7,000, with $6,504 of that amount comprising fees, and the balance being towards costs. Counsel has submitted billing records in support of these amounts. (Doc. 42-3.) The attorney's fees and costs altogether represent slightly more than one-third-of

---

[1] Likely, by "occurred," the parties meant "accrued."

the total $20,000 settlement amount.

As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).  While this case is still at an early stage, it is clear that Plaintiffs' counsel has expended time on at least the following:  investigating and researching Plaintiffs' claims; appearing at two conferences before me; seeking conditional collective action certification; and negotiating and executing the settlement.  Moreover, because hourly rates of approximately $175 to $350—depending on experience—for attorneys working on this FLSA litigation are typically approved in this District, *see, e.g.*, *id.* at *2; *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15 Civ. 3811 (PAE), 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402(RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (awarding $350/hour to attorneys with twelve years' experience), a one-third award is far from a windfall for Plaintiffs' counsel, but instead represents modest compensation for the work put into this case.[2]  Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

---

[2] Even if I apply the low end of the hourly rate range, Plaintiffs' counsel would be compensated for a relatively small amount—approximately 22 hours of total attorney time, and an additional thirteen hours of paralegal time.  On average, then, this fee award gives Plaintiffs' counsel approximately $200 per hour for the roughly 35 hours Plaintiff's counsel's firm expended on this case, which is a fair and modest amount.

### III.     Conclusion

For the reasons stated above, I find that the Revised Settlement is fair and reasonable. Accordingly, the Revised Settlement is APPROVED.

SO ORDERED.

Dated:      November 4, 2021
            New York, New York

_____
Vernon S. Broderick
United States District Judge